Dear Representative Mathews:
This letter is in response to your question asking whether major case squad members have to be specified by name and approved by the governing body of the political subdivision.
Section 20 of the bill to which you refer provides in full:
 1. Any county governing body by order and the governing body of any municipality by ordinance may agree to cooperate with one another in the formation of a "major case squad" for the purpose of intensive professional investigation of a certain individual crime which may occur in their general geographical area.
 2. Expenses of a major case squad may be paid by the individual political subdivisions.
 3. The major case squad shall operate and be activated upon the request of the county sheriff or police chief of the political subdivision where the crime occurred. The county presiding commissioners, county executive officers or mayors of the municipalities shall approve or refuse the request within twenty-four hours.
 4. All members of any major case squad shall be duly authorized in advance by the governing body of the political subdivision and may function as a member of such a group if their political subdivision grants approval as required by subsection 3 of this section.
 5. Notwithstanding other provisions of law to the contrary, whenever any peace officer is duly authorized as a member of a major case squad, he shall have the power to arrest anywhere within this state. This power shall only be exercised during the time the peace officer
is an active member of an active major case squad and only within the scope of the investigation on which the squad is working.
 6. Prior to the inititation [sic] of a major case squad investigation in a political subdivision other than where the crime occurred, a member of the major case squad shall notify the chief law enforcement officer of the political subdivision in which the investigation is to be conducted, or a designated agent thereof.
It is our view that the above provisions are plain and unambiguous with respect to the question you ask. Subsection 4 clearly requires that members of the squad be duly authorized in advance by the governing body. It is axiomatic that where there is no ambiguity we are required to give such provisions their plain and ordinary meaning. While the result may be rather burdensome, it cannot be said that it is absurd to the extent that such could not have been the legislative intent.
Therefore, it is our view that under Section 20 of House Committee Substitute for Senate Committee Substitute for Senate Bills Nos. 156, 14, 149, 155 181, Eighty-Third General Assembly, First Regular Session, members of the major case squad must be specifically authorized in advance by the governing body of the political subdivision.
We note that your correspondence refers to a home rule city. Whether the governing body of such a city may appoint members of the major case squad by resolution instead of by ordinance depends on the city charter provisions and possibly upon the provisions of city ordinances which are not before us and which we do not, generally, purport to interpret. However, it is our view that the governing body of a charter city may by ordinance, unless prohibited by charter, authorize the appointment of members of the major case squad by resolution of the governing body. See Article VI, Section 19(a), Missouri Constitution.
Certainly it may not be necessary to name specifically each major case squad member in the ordinance itself. However, each member must be authorized in advance. We are willing to discuss with the City Attorney the most desirable procedure under the present law.
Yours very truly,
 WILLIAM L. WEBSTER Attorney General